IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## IN RE: ASHLEY B.

**Appeal from the Juvenile Court for McNairy County**
**No. 2011JV52     Van McMahan, Judge**

**No. W2013-02584-COA-R3-PT - Filed May 1, 2014**

The order appealed is not a final judgment and therefore, this appeal is dismissed for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Benjamin Scott Harmon, Savannah, Tennessee, for the appellant, Ruby J.G.

Leslie Curry, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

**MEMORANDUM OPINION[1]**

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we can find nothing in the record reflecting that the trial court adjudicated the State's request to terminate parental rights based on the defendants' alleged failure to comply with the provisions of the permanency plans, pursuant to Tennessee Code Annotated section 36-1-113(g)(2).

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

By Order entered on March 4, 2014, the Court directed Appellant Ruby J.G. to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. We further directed that Appellant's brief would be due within thirty (30) days following the filing date of the supplemental record containing the final judgment. Alternatively, our Order of March 4, 2014, provided that, in the event that Appellant did not obtain entry of a final judgment within the time provided therein, then Appellant would have fifteen (15) days from the entry of that Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Finally, our Order of March 4, 2014, provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On March 5, 2014, the Clerk of this Court received and filed a brief submitted on behalf of Appellant. On March 27, 2014, the Attorney General, on behalf of the State of Tennessee, Department of Children's Services, filed a motion requesting an extension of time to file the State's brief. As of that date, however, the Clerk had not received a supplement to the record and Appellant had not otherwise responded to our Order of March 4, 2014. Thus, by Order entered April 2, 2014, the Court directed the Clerk of this Court to strike the brief filed by Appellant on March 5, 2014. In our Order of April 2, 2014, the Court noted that, because the Court struck Appellant's brief, Appellee's brief was not yet due and the pending motion for an extension was denied.

As of this date, the Clerk has not received a supplemental record containing a final judgment of the trial court and Appellant has not otherwise responded to our Order of March 4, 2014. Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Because the order appealed is not a final judgment, this Court lacks jurisdiction to hear this matter. Consequently, this appeal must be dismissed.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Ruby J.G., for which execution may issue if necessary.

**PER CURIAM**